IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Justin Jamal Lewis, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 8:20-3484-BHH |
| ) | |
| Warden of Kershaw Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This matter is before the Court on Petitioner Justin Jamal Lewis's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On November 5, 2020, Magistrate Judge Jacquelyn D. Austin filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss this petition without prejudice and without requiring Respondent to file an answer or response based on Petitioner's failure to exhaust his state court remedies.

Petitioner filed objections to the Magistrate Judge's Report, but his objections simply state that he "would like to circumvent the state corrective procedure because the state corrective procedure is ineffective," and nowhere does Petitioner point to any factual or legal error in the Report or specifically object to any portion of the Magistrate Judge's analysis.[1]

---

[1] The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those

As the Magistrate Judge properly explained in her Report, Petitioner is a prisoner in the custody of the South Carolina Department of Corrections, and his state court action challenging his state conviction and sentence remains pending. Therefore, Petitioner cannot demonstrate exhaustion of state remedies under the habeas statute, and the Court agrees with the Magistrate Judge that the Court should not keep this case on its docket while Petitioner finishes exhausting his remedies. Petitioner may re-file this petition after he has exhausted his state court remedies, although he should be mindful of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

For the foregoing reasons, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 13); overrules Petitioner's objections (ECF No. 16); and dismisses this action without prejudice and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 4, 2021
Charleston, South Carolina

---

portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).